Marvin H. JEGLIN II, a minor by and through his Guardian ad Litem and Mother, Karen L. JEGLIN; Alan A. Jeglin, a minor, by and through his Guardian ad Litem and Mother, Karen L. Jeglin; Ariel A. Jeglin, a minor, by and through her Guardian ad Litem and Mother, Karen L. Jeglin; Elisa C.M. Jeglin, a minor, by and through her Guardian ad Litem and Mother, Karen L. Jeglin; and Darcee M. Le Borgne, a minor, by and through her Guardian ad Litem and Mother, Patsy L. Hazeltine, Plaintiffs,

v.

SAN JACINTO UNIFIED SCHOOL DISTRICT; San Jacinto Unified School District Board of Trustees, Wilma Reaser, as Trustee and President of the Board of Trustees, San Jacinto Unified School District; Charles Webb, as Trustee; John Schouten, as Trustee; Rose Salgado, as Trustee; Allan Cornett, as Trustee; Sandra L. Shackelford, as Superintendent, San Jacinto Unified School; Ron White, as Principal, San Jacinto High School; Brian Jacobs, as Principal, Monte Vista Middle School; Penny Harrison, as Principal, De Anza Elementary, Defendants.

NO. SA CV 93–336 LTL (RWRx).

United States District Court,
C.D. California.

July 12, 1993.

Judgment, July 28, 1993.

Marvin H. Jeglin, Bloom, Rudibaugh & Jeglin, Hemet, CA, for plaintiffs.

John J. Wagner, Michelle D. Kenney, Wagner, Sisneros & Wagner, Irvine, CA, for defendants.

## MEMORANDUM OF DECISION

LYDICK, District Judge.

This case calls for the Court to decide whether portions of a dress code imposed by a school board and its agents violates the First Amendment rights of the students affected.

San Jacinto is a community of approximately 20,000 population located in the southeast area of Riverside County. Its Unified School District as of March 31, 1993 served a student population of 4,229. 2,455 of these students attend the district's four elementary schools, 886 attend a middle school covering grades 6–8, 828 attend a high school covering grades 9–12 and 60 attend a continuation school.

Plaintiffs, acting through their appointed guardians ad litem, are Marvin H. Jeglin II, a fourteen year old attending a middle school; Alan A. Jeglin, a twelve year old attending a middle school; Ariel A. Jeglin, a nine year old attending an elementary school; Elisa C.M. Jeglin, a seven year old attending an elementary school; and Darcee M. Le Borgne, a seventeen year old attending high school. Defendants are the San Jacinto Unified School District and its Board of Trustees, charged under state law and school district rules with the setting of policy and administration of public schools within the school district; the individual members of the Board of Trustees; the Superintendent of the school district; the principal of the high school; the principal of the middle school and the principal of the elementary school attended by two of the plaintiffs.

The offending restrictions are found in the February 23, 1993 revisions to school district Administrative Regulation AR 5131.2 entitled Students Dress and Grooming and Board Policy number BP 5131.2(a) entitled Students Disruptions to the Learning Process, attached hereto as Exhibits A and B. The revisions in essence deny San Jacinto Unified School District students the right to wear clothing bearing writing, pictures or any other insignia which identifies any professional sports team or college on school district campuses or at school district functions.

Jurisdiction is found under Article III, Section 2 and Amendments I and XIV of the United States Constitution and United States Code, Title 42, Section 1983 and Title 28, Sections 2201 and 2202 as well as Federal Rules of Civil Procedure 57 and 65.

The record herein reflects that after written notification to parents of the adoption of BP 5131.2 and AR 5131.2 with the February 23, 1993 revisions enforcement commenced immediately. Thereafter on March 3, 1993 plaintiffs Alan and Marvin Jeglin were sent to his office by Monte Vista Middle School Principal Jacobs. There Alan was told that his wearing of a University of California, Riverside sweatshirt was in violation of the dress code and Marvin was told his wearing of a Chicago Bears professional sports team jacket was also in violation of the dress code. Both were told that any further violation of the dress code would lead to their removal from their regularly scheduled classes and placement in alternative education for a day, and that any subsequent violation would lead to their suspension from school.

Then on March 5, 1993 Ariel Jeglin and Elisa Jeglin were found in violation of the dress code by De Anza Elementary School staff for the wearing by Ariel of a blue sweatshirt identifying the University of California, Los Angeles and the wearing by Elisa of a shirt identifying the Twins, her brother's baseball team at Valley Wide Recreation District as well as a professional sports team. Principal Harrison subsequently met with the mother of Ariel and Elisa, advised her they had committed a first violation of the dress code and told her that further violations would result in alternative education away from their regular classrooms and suspension for any additional violation.

It also appears from the record that defendant Ron White, principal of San Jacinto High School, has stated he will enforce the dress code and personally informed plaintiff Darcee Le Borgne that she would be disciplined pursuant to the dress code if she wore her university and sports clothing which included a University of San Diego sweatshirt and Los Angeles Lakers and Dodgers t-shirts.

Plaintiffs thereafter filed their complaint for declaratory and injunctive relief alleging restriction, prevention, deprivation and denial of their right to free speech guaranteed by the First Amendment of the United States Constitution and California Education Code Section 48907. This Court issued a limited temporary restraining order, set the matter for hearing on an order to show cause as to why a limited preliminary injunction should not issue and thereafter ordered trial advanced and consolidated with the hearing of the preliminary injunction application pursuant to FRCP 65(a)(2). Damage claims were bifurcated. Trial was thereafter held and the matter submitted for decision.

The teachings of *Tinker v. Des Moines Independent Community School District,* 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) and *Karp v. Becken,* 477 F.2d 171 (9th Cir.1973) are clear that public school students have a right to freedom of speech which is not shed at the schoolhouse gates. This speech in our view encompasses the wearing of clothing that displays a student's

support of a college or university or a professional sport team.

 It is equally clear that daily administration of public education is committed to school officials and that such responsibility carries with it the inherent authority to prescribe and control conduct in the schools. The interest of the state in the maintenance of its education system is a compelling one and provokes a balancing of First Amendment rights with the state's efforts to preserve and protect its educational process. It is also well established that the First Amendment does not require school officials to wait until disruption actually occurs before they may act to curtail exercise of the right of free speech but that they have a duty to prevent the occurrence of disturbances.

 When a conflict arises between a public school student's right of free speech and the authority of officials to prescribe and control conduct in the schools, a student's free speech right may not be abridged in the absence of facts which might reasonably have led school authorities to forecast substantial disruption of or material interference with school activities. Such justification for curtailment of the student's exercise of the right of free speech does not demand a certainty that disruption will occur, but only the existence of facts which might reasonably lead school officials to forecast substantial disruption. Because of the state's interest in education, the level of disturbance required to justify intervention is relatively lower in a school than it might be on a street corner and the Court may consider all circumstances confronting the school administrators which might reasonably portend disruption.

 To impose discipline resulting from a public school student's use of free speech under the First Amendment school officials have the burden to show justification for their actions. In the absence of such justification they may not discipline a student for exercising those rights.

 As for the elementary school population of the San Jacinto School District, defendants have offered no proof at all of any gang presence at those schools or of any actual or threatened disruption or material interfer-

ence with school activities. There accordingly is no justification for application of the restrictive dress code to that elementary school population and the abridgment of free speech rights resulting therefrom.

As for the middle school population, although some evidence of gang presence is offered, that evidence shows only a negligible presence and no actual or threatened disruption of school activities. It is our view again that defendants have not carried their burden of showing justification for application of the restrictive dress code to that middle school population and the abridgment of free speech resulting therefrom.

Evidence concerning the situation at San Jacinto High School is conflicting. There is, for example, a substantial dispute as to whether the wearing of sports oriented clothing is even a showing of gang colors on the San Jacinto High School campus. Reliable student testimony indicates that gang members do not wear university or sports clothing on that campus but instead identify themselves by wearing white t-shirts and dickies, the latter being a brand of work pants. One witness, president of the San Jacinto High School Associated Student Body, a member of the honor roll, president of the San Jacinto High School Future Farmers of America and student representative to the San Jacinto School District Unified Board of Trustees, says that she has never observed the wearing of college or professional sports team clothing to lead to any classroom or campus disruption or disorder; that the ones most often wearing professional sports team or college clothing were school athletes; and that ... "The gang members at San Jacinto High School wear their Pendleton shirts, Nike shoes, white t-shirts, baggy pants, dickie pants or black pants, hair styles and walk their walk just as they did last school year, 1991–92, and at the beginning of the 1992–93 school year before BP 5131.2 and AR 5131.2 were ever implemented or enforced. The teachers and administrators are not in touch with this issue on the campus ... They have spent a lot of time on this (clothing) issue instead of addressing the behavior of individuals ... This whole prohibition against wearing college or professional sports team logos or writings has affected only the regular kids who follow the rules. The gang kids are still wearing their plain white t-shirts and dickie pants ..."

Other evidence supports the School District position and in our view defendants have carried their burden of showing both a gang presence, albeit of undefined size and composition, and activity resulting in intimidation of students and faculty that could lead to disruption or disturbance of school activities and may justify curtailment of student First Amendment rights to the extent found in enforcement of the district's dress code. While it is by no means certain that the otherwise offending dress code will negate that presence and possible disruption, we assume that in carrying out their duties defendants will recognize and from time to time review their encroachments on First Amendments rights of their student population and revise any restrictions to conform to the existing situation.

In sum, we find and conclude that defendants have failed to carry their burden of proof of justification for the curtailment of elementary and middle school students free speech contained in that portion of their dress code forbidding the wearing of clothing free of writing, pictures or any insignia which identifies any professional sports team or college.

Counsel for plaintiff will prepare for our review a proposed Judgment and Injunction restraining enforcement of that portion of the dress code against the elementary and middle school population in accordance with Local Rule 14 of this Court. That proposed Judgment and Injunction shall show the endorsement of counsel for defendants as to form. No surety will be required of plaintiffs in connection with such Judgment and Injunction.

This Memorandum of Decision shall constitute those findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52.

EXHIBIT A

**SAN JACINTO UNIFIED SCHOOL DISTRICT** AR 5131.2

STUDENTS

DRESS AND GROOMING

In cooperation with teachers, students, and parents/guardians, the principal or designated person in charge shall regularly review and follow district regulations and may establish additional school rules governing dress and grooming.

The following guidelines shall apply to all school related activities:

1. Shoes must be worn at all times.

2. Clothing and jewelry shall be free of writing, pictures or any other insignia which are crude, vulgar, profane, or sexually suggestive or which advocate racial, ethnic, or religious prejudice or the use of drugs or alcohol. Additionally, clothing shall be free of writing, pictures or any other insignia which identifies any professional sports team, college, or group advocating or participating in disruptive behavior.

3. Hats and caps shall not be worn.

4. Clothes shall be sufficient to conceal undergarments at all times. Clothing such as see-through or fish-net fabrics, halter tops, low cut tops, bare midriffs and excessively short shorts or skirts are prohibited.

5. Gym shorts may not be worn in class other than physical education or school sponsored activity.

Coaches and teachers may impose stringent dress requirements to accommodate the special needs of certain sports and/or classes.

Written notification will be given to parents and students annually regarding the district/school dress code policy. The principal, staff, students and parent/guardians at each school may establish reasonable dress and grooming regulations for times when students are engaged in extracurricular or other special school activities.

Administrative Regulation

Approved September 8, 1992

Revised February 23, 1993

EXHIBIT B

**SAN JACINTO UNIFIED SCHOOL DISTRICT** BP 5131.2(a)

STUDENTS

DISRUPTIONS TO THE LEARNING PROCESS BY STUDENTS

I. Intent

A. Every student shall be entitled to an education free from classroom interruptions and interference by others.

B. Each student shall be personally responsible for conduct conducive to good learning. The intent is to establish an appropriate learning environment.

C. Parents shall be recognized as partners in the education of their children and, therefore, responsible for assisting the school in securing appropriate behavior.

II. Guidelines

A. Each school shall establish and inform students of the standards for student behavior and dress. If infractions occur a remediation process shall be utilized that embodies the principals of assertive discipline. The school discipline plan shall incorporate the consequences for students engaged in any disruptive behavior related to identified student group activity as defined below:

1. Disruptions Related to Student Behavior

Included are those activities by identified groups of students who are or have been related with inappropriate student dress, controlled substances, mayhem, and defiance of school authority.

2. Identified Groups of Students

Includes those students engaged in negative activity, behavior, dress or display, which when evaluated collectively, could denote student group affiliation which threatens the safe and orderly school environment.

a. "Colors"

The term "colors" is defined as a display by the wearing or placement of apparel by a group of students, or an

individual student, which would signify the affiliation or intent of affiliation in a student group advocating or participating in disruptive behavior.

3. Students shall be responsible for learning and adhering to rules of conduct and dress as well as district policies and regulations, administrative directions, and staff supervision.

B. Every effort shall be made to secure the cooperation of each student regarding appropriate behavior. Parents shall participate with the school in this effort.

C. Any student that continues to disrupt and interfere with the education process in spite of remediation efforts, shall be subject to suspension or expulsion according to Policy 5144.

Board Policy

Adopted August 29, 1983

Revised May 8, 1984

Revised January 3, 1989

Revised September 8, 1992

Revised February 23, 1993

## JUDGMENT

### July 28, 1993

This action came on for trial on May 4, 1993 before the Honorable Lawrence T. Lydick, U.S. District Judge. The issues having been duly tried and a Memorandum of Decision which also constitutes the Court's findings of fact and conclusions of law having been filed,

IT IS ORDERED, ADJUDGED and DECREED:

1. SAN JACINTO UNIFIED SCHOOL DISTRICT Board Policy number BP 5131.2 and SAN JACINTO UNIFIED SCHOOL DISTRICT Administrative Regulation number AR 5131.2, guideline 2, in so far as they prohibit SAN JACINTO UNIFIED SCHOOL DISTRICT elementary and middle school students attending SAN JACINTO UNIFIED SCHOOL DISTRICT schools or elementary and middle school functions from wearing clothing bearing insignias, writings or pictures which identify any college or professional sports team, are hereby declared violative of the SAN JACINTO UNIFIED SCHOOL DISTRICT elementary and middle school students' free speech rights as guaranteed by the First Amendment to the Constitution of the United States.

2. Defendants SAN JACINTO UNIFIED SCHOOL DISTRICT; the SAN JACINTO UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES and its members WILMA REASER as Trustee and President; CHARLES WEBB as Trustee; JOHN SCHOUTEN as Trustee; ROSE SALGADO as Trustee; and ALLAN CORNET as Trustee; and all SAN JACINTO UNIFIED SCHOOL DISTRICT servants, officers, employees successors, agents and persons acting in behalf of said school district, including but not limited to defendants SANDRA L. SHACKELFORD as Superintendent, RON WHITE as Principal, San Jacinto High School, BRIAN JACOBS as Principal, Monte Vista Middle School and PENNY HARRISON as Principal, De Anza Elementary School, and all persons acting in concert or participation with them are immediately and permanently enjoined from enforcement of those portions of the SAN JACINTO UNIFIED SCHOOL DISTRICT Board Policy numbered BP 5131.2 and SAN JACINTO UNIFIED SCHOOL DISTRICT Administrative Regulation numbered AR 5131.2 guidelines 2, which prohibit SAN JACINTO UNIFIED SCHOOL DISTRICT elementary and middle school students who attend SAN JACINTO UNIFIED SCHOOL DISTRICT schools or elementary and middle school functions from wearing clothing bearing insignia or writing or pictures which identify a professional sports team or college, against SAN JACINTO UNIFIED SCHOOL DISTRICT elementary and middle school students.

Plaintiffs are relieved of the requirement of Federal Rule of Civil Procedure 65(c) and bond shall not be posted or required.

Plaintiffs shall recover their costs of suit incurred herein as provided by law.